Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| WAVES AND SANDS, INC., JB FELLOWSHIP INC. HNC LIFEGUARDS OF THE REEF<br><br>Apelantes<br><br>V.<br><br>VIDAL TORRES GONZÁLEZ, ELBA L JIMÉNEZ COLLAZO, SOCIEDAD DE BIENES GANANCIALES TORRES-JIMÉNEZ Y OTROS<br><br>Apelados | TA2026AP00023 | *Apelación* acogida como ***Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2024CVCV02223<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de febrero de 2026.

El 8 de enero de 2026, compareció ante este Tribunal de Apelaciones, Waves and Sands, Inc., JB Fellowship, Inc. y HNC Lifeguard of the Reef (en adelante, parte peticionaria), por medio de escrito intitulado *Escrito de Apelación Civil*[1]. Mediante este, nos solicita que revisemos la *Sentencia Final* emitida el 11 de diciembre de 2025, y notificada el 15 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró Ha Lugar unas solicitudes de

---

[1] Acogemos el aludido recurso como *certiorari*, toda vez que la determinación del Tribunal de Primera Instancia, a pesar de ser intitulada "Sentencia Final", adolece de defectos procesales para constituir una sentencia que ponga fin a la controversia. En dicho dictamen, no se formulan las determinaciones de hechos, ni se consignan las conclusiones de derecho que fundamentan su curso decisorio. Por lo que, no se cumplió con lo requerido por la Regla 42.2 de Procedimiento Civil, 32 LPRA Ap V R. 42.2. Siendo esto así, la determinación recurrida es una interlocutoria que carece de finalidad y el recurso adecuado para revisarla es el certiorari.

reconsideración, y en consecuencia, decretó la desestimación de la causa de acción en daños.

Por los fundamentos que adelante se exponen, se *deniega* la expedición del *certiorari.*

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Solicitud de Entredicho y Mandamus* presentada por la parte peticionaria, en contra del señor Vidal Torres González; la señora Elba L. Jiménez Collazo, la Sociedad Legal de Gananciales Torres-Jiménez; el señor Thomas Lahme Gegenfutner; la señora Charlene Maldonado Rivera; la Sociedad Legal de Gananciales Gegenfuner-Maldonado; Next Door LLC (en adelante, parte recurrida), el Municipio de Carolina y del Condominio Racquet Club. En su petitorio, la parte peticionaria sostuvo que Waves and Sands, Inc. era dueño en pleno dominio del local comercial número uno ubicado en la planta baja del Condominio Racquet Club, en Isla Verde. Indicó que, JB Fellowship, Inc. h/n/c Lifeguards of the Reef, era el arrendatario de dicha propiedad, donde opera su negocio. Por otro lado, señaló que, el señor Vidal Torres González y la señora Elba L. Jiménez Collazo, son dueños en pleno dominio del local comercial número tres también localizado en el Condominio Racquet Club. Indicó que, el 11 de septiembre de 2018, el señor Thomas Lahme Gegenfutner y la señora Charlene Maldonado Rivera suscribieron un Contrato de Arrendamiento sobre la referida propiedad y que, en la misma opera el negocio Torres Place.

En la demanda, además, la parte peticionaria arguyó que, Torres Place operaba un negocio de comidas y bebidas sin los debidos permisos de las agencias gubernamentales y de la Junta del Condominio Racquet Club. Sostuvo que, las acciones de la parte recurrida le había ocasionado pérdida de ingresos a JB Fellowship, Inc. De igual forma, alegó que, la parte recurrida cambió la fachada

del Condominio sin autorización y que, ocupaba la propiedad común del Condominio para fines comerciales, sin permisos de las agencias gubernamentales pertinentes ni de la Junta del Condominio Racquet Club.

Finalmente, le solicitó al foro de primera instancia que, expidiera un auto de *mandamus* donde se obligara a la parte recurrida a cumplir con sus obligaciones y deberes ministeriales y que, le ordenara el pago de una partida por concepto de daños. Asimismo, solicitó al foro primario que expidiera un interdicto preliminar y permanente para que, la parte recurrida cesara y desistiera de toda actividad comercial hasta tanto tuviera los permisos necesarios; que se le obligara a la parte recurrida a reestablecer la fachada original; cesara y desistiera de utilizar áreas comunes para actividades comerciales; satisficiera a la parte peticionaria el dinero que dejó de ganar por competencia desleal e ilegal, y condenara a la parte recurrida al pago de costas, gastos del pleito, honorarios de abogado y temeridad.

Más adelante, el Tribunal de Primera Instancia emitió *Sentencia Parcial*, en la cual desestimó de su faz la *Solicitud de Mandamus, Injunction Preliminar y Permanente*. El foro *a quo* razonó que, la parte peticionaria no cumplió con los criterios necesarios para la expedición de los remedios solicitados. De igual forma, ordenó la continuación de los procedimientos por la vía ordinaria en cuanto a la reclamación de daños.

Así las cosas, el 26 de septiembre de 2024, el Consejo de Titulares del Condominio Racquet Club (en adelante, Consejo de Titulares) presentó *Moción de Desestimación*. Argumentó que, procedía la desestimación de la demanda por no incluir al Consejo de Titulares, quien era una parte indispensable del caso. Reseñó que, el Condominio Racquet Club carecía de personalidad jurídica y que, por ende, no procedía la demanda en su contra.

La parte peticionaria replicó dicha moción mediante *Contestación a Moción de Desestimación; Solicitud Permiso para Enmendar Demanda; y Solicitud de Expedición de Emplazamiento.* En su moción, peticionó al foro primario que, le permitiera enmendar la demanda con el propósito de incluir al Consejo de Titulares como parte demandada.

Transcurridas varias incidencias procesales, innecesarias pormenorizar, el 16 de noviembre de 2024, el Tribunal de Primera Instancia emitió *Orden* en la cual declaró Ha Lugar la solicitud de enmienda a la demanda. Dispuso, además, que, por esbozar iguales planteamientos a la primera demanda, no se acogían los remedios extraordinarios, a tenor con lo dispuesto el 23 de julio de 2024 mediante la *Sentencia Parcial.*

En igual fecha, el foro *a quo* emitió *Orden,* por medio de la cual declaró Ha Lugar la moción de desestimación por los fundamentos allí expuestos, y ordenó la desestimación de la acción de epígrafe en contra del Condominio Racquet Club.

Más adelante, la parte peticionaria presentó *Demanda Enmendada.*

Posteriormente, Next Door, LLC., el señor Thomas Lahme Gegenfutner, la señora Charlene Maldonado Rivera y la SLG compuesta por ambos, presentaron *Moción Solicitando Desestimación.* Argumentaron que, procedía la desestimación de la *Demanda Enmendada* ya que, esta dejaba de exponer una reclamación que justificara la concesión de un remedio. Añadieron que, el foro de primera instancia carecía de jurisdicción para atender las reclamaciones relacionadas a las acciones u omisiones imputadas por la parte peticionaria al Consejo de Titulares, ya que estas eran jurisdicción primaria exclusiva del Departamento de Asuntos del Consumidor (DACo). Sostuvieron, además, que las alegaciones relacionadas a permisos no debían ser atendidas por el

foro *a quo*, hasta tanto fueran evaluadas por las agencias concernidas y revisadas por el Tribunal de Apelaciones.

Por otro lado, el señor Vidal Torres González, la señora Elba L. Jiménez Collazo y la SLG compuesta por ambos, presentaron *Moción de Desestimación de la Demanda y/o para Solicitar una Exposición más Definida al Amparo de las Reglas 10.2 y 10.4 de las RPCPR*. Arguyeron que, de la *Demanda Enmendada* no se desprendía ninguna causa de acción en su contra bajo la jurisdicción del foro primario. En su moción, además, reseñaron que, al analizar las alegaciones de la *Demanda Enmendada*, podía concluirse que, de existir alguna causa de acción, la misma estaría bajo la jurisdicción primaria y exclusiva del DACo.

El 22 de enero de 2025, la parte peticionaria presentó *Oposición a Moción Solicitando Desestimación*. Adujo que, no procedía la desestimación de la *Demanda Enmendada*, dado a que los asuntos planteados en ella se encontraban bajo la jurisdicción del Tribunal de Primera Instancia. En igual fecha, la parte peticionaria presentó *Escrito Suplementando Oposición a Moción Solicitando Desestimación*. Mediante esta última, arguyó que, conforme al Reglamento Núm. 9386 del DACo, quedaba claro que, la jurisdicción para atender la controversia de epígrafe le correspondía al foro de primera instancia.

La parte peticionaria presentó el 31 de enero de 2025, *Solicitud de Permiso para Enmendar Demanda*, con el propósito de enmendar unos "errores clericales". Tal solicitud fue declarada Ha Lugar por el foro recurrido mediante *Orden* emitida el 3 de febrero de 2025. Consecuentemente, en la misma fecha la parte peticionaria presentó *Segunda Demanda Enmendada*.

Luego de varios trámites procesales, innecesarios reseñar, el 13 de octubre de 2025, el foro *a quo* emitió *Sentencia Parcial*. Mediante esta, declaró No Ha Lugar las mociones de desestimación

presentadas por la parte recurrente. De igual manera, ordenó la eliminación del Consejo de Titulares y del Municipio de San Juan en el pleito. Reiteró, además, que la única causa de acción pendiente en el caso de epígrafe era sobre daños y perjuicios contra la parte recurrida, ya que todo lo demás había sido adjudicado en la *Sentencia Parcial* de 23 de julio de 2024.

El 30 de octubre de 2025, Next Door, LLC., el señor Thomas Lahme Gegenfutner, la señora Charlene Maldonado Rivera y la SLG compuesta por ambos, presentaron *Moción de Reconsideración de Sentencia Parcial Dictada el 17 de octubre de 2025*. Por su parte, el 31 de octubre de 2025, el señor Vidal Torres González, la señora Elba L. Jiménez Collazo y la SLG compuesta por ambos, presentaron *Moción de Reconsideración*.

En respuesta, el 12 de noviembre de 2025, la parte peticionaria presentó *Réplica a Moción de Reconsideración de Sentencia Parcial Dictada el 17 de octubre de 2025*. Mientras que, el 17 de noviembre de 2025, instó *Réplica a Moción de Reconsideración*.

Finalmente, el Tribunal de Primera Instancia emitió la *Sentencia Final* cuya revisión nos atiene. En la misma, dispuso lo siguiente:

> Evaluados los escritos de reconsideración y correspondiente oposición, se declara Ha Lugar las solicitudes de reconsideración. Coincidimos con los codemandados respecto a que: "la reclamación de daños que se mantuvo vigente como consecuencia de los dictámenes de la referida sentencia, no es susceptible de ser adjudicada previo a la atención y resolución de los asuntos relacionadas a la otorgación de permiso o autorización por parte del Consejo de Titulares del Condominio Racquet Club y a la otorgación de permiso por parte Municipio de Carolina, los que, como ha sido determinado por este Tribunal, no proceden ser atendidos en el pleito de autos, así como que, los alegados actos culposos descritos en el Párrafo 18 no son atribuibles a los codemandados, ni constituyen hechos que justifican la concesión de un remedio por este Honorable Tribunal. En consecuencia, se decreta la desestimación de la única causa de acción en daños. Por no existir asuntos pendientes de adjudicación, se determina el cierre y archivo de la acción de epígrafe.

En desacuerdo, la parte peticionaria acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

- Erró el TPI, al desestimar la causa de acción de daños en cuanto a los apelados Next Door, LLC, Thomas Lahme Gegenfutner, Charlene Maldonado Rivera y la Sociedad de Bienes Gananciales compuesta por ambos. [PRIER ERROR IMPUTADO]

- Erró el TPI, al desestimar la causa de acción de daños en cuanto a los apelados Vidal Torres González, Elba L. Jiménez Collazo y la Sociedad de Bienes Gananciales compuesta por ambos. [SEGUNDO ERROR IMPUTADO]

El 21 de enero de 2026, Next Door, LLC., el señor Thomas Lahme Gegenfutner, la señora Charlene Maldonado Rivera y la SLG compuesta por ambos, presentaron *Alegato de la Parte Apelada*.

Por otro lado, el 9 de febrero de 2026, comparecieron el señor Vidal Torres González, la señora Elba L. Jiménez Collazo y la SLG compuesta por ambos, mediante *Alegato de la Parte Co-Apelada Vidal Torres, Elba Jiménez, y la SLG*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

***El Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[2]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[3],

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848.  La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada;

---

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 59, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

En sus dos señalamientos de error, la parte peticionaria sostiene que, el foro de primera instancia incidió al desestimar la causa de acción en daños en cuanto a la parte recurrida.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, colegimos que, no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento

y sobre el asunto planteado constituiría un rotundo fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV**

Por los fundamentos expuestos, se *deniega* la expedición del *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones